Citation Nr: 1829927 
Decision Date: 11/09/18 Archive Date: 11/21/18

DOCKET NO. 09-50 049 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a left arm disability claimed as left arm numbness. 


REPRESENTATION

Appellant represented by: Eric A. Gang, Attorney-at-Law


ATTORNEY FOR THE BOARD

J.T.Stallings, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1992 to November 1992, from February 2003 to May 2003, and from August 2006 to November 2007. 

 This appeal comes before the Board of Veterans' Appeals (Board) from an August 2008 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

This claim was previously remanded by the Board in December 2015 for procedural development. That development has been complete and jurisdiction has returned to the Board. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure proper development regarding the Veteran's claim on appeal.

When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). During the Veteran's November 2015 peripheral nerve examination, the examiner noted that the Veteran had mild incomplete paralysis of the left radial nerve. The examiner concluded that there was not enough imaging and testing completed to make a diagnosis of an upper nerve disability secondary to the Veteran's service-connected cervical spine condition. Such statement by the examiner would indicate that additional testing was needed to make an informed decision. Accordingly, a remand is warranted to allow for any additional testing needed for the examiner to provide an opinion. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination including any and all testing and imagery deemed necessary by the examiner. The claims file, including a copy of this remand, must be made available to and be reviewed by the examiner. 

The examiner is informed that the Veteran served on active duty from July 1992 to November 1992, from February 2003, to May 2003, and from August 2006 to November 2007. He is service connected for the following disabilities: left shoulder impingement syndrome and degenerative joint disease and cervical spasm.

The examiner is asked to provide the following opinions. The examiner must include a complete and thorough rationale, with reference to relevant evidence of record as appropriate, for any and all conclusions reached: 

a). Is it at least as likely as not (a 50 percent probability or greater) that the Veteran has a current disability of the left arm?

b.) If so, is it at least as likely as not (a 50 percent probability or greater) that the Veteran's left arm disability had its onset in service or is otherwise related to service?

c.) If any current left arm disability did not have its onset in service, is it at least as likely as not (i.e. a 50 percent probability or more) that the Veteran's disability is caused by any of the Veteran's service-connected disabilities?

d.) If the left arm disability is not caused by the Veteran's service-connected disabilities, is it at least as likely as not that the Veteran's left arm disability is permanently aggravated by any of the service-connected disabilities? (The definition of aggravation is below.)

The term "aggravated" in the above context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability. 

If aggravation is present, the examiner should indicate, to the extent possible, the approximate level of severity of the left arm disability (i.e., a baseline) before the onset of the aggravation.

2. Following the above development, review the opinion(s) in order to ensure adequacy and compliance with the above directives. If any opinion is inadequate for any reason, take whatever corrective action is deemed necessary. The opinions should include addressing and reconciling any conflicting opinions within the claim file. If the examiner finds it impossible to provide any part of the requested opinions without resort to pure speculation, he or she should so indicate and provide a rationale as to why such a finding is made. 

3. Then, readjudicate the Veteran's claim on appeal. If the benefit sought remains denied, provide the Veteran with a supplemental statement of the case (SSOC). 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. P. SIMPSON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).